IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MARIO MIRANDA-ONTIVEROS 26955078** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:22cv19** |
| § | **CRIMINAL ACTION NO. 4617cr178(3)** |
| **UNITED STATES OF AMERICA** § | |

<u>REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>

*Pro se* Movant Mario Miranda-Ontiveros filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

BACKGROUND

On November 7, 2017, a jury found Movant guilty of conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. The District Court's sentence of 360 months' imprisonment was entered on April 16, 2018, and on December 12, 2019, the Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence. Movant did not file a petition for writ of certiorari. He filed the instant motion on December 26, 2021, the date he states he placed it in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Movant claims he is entitled to relief based on ineffective assistance of counsel. The Court did not order Respondent to file a Response.

1

## ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted. A one-year statute of limitations was set for motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed. *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).

In the present case, the Fifth Circuit affirmed Movant's conviction on December 12, 2019. He did not file a petition for writ of certiorari in the United States Supreme Court. Thus, Movant's conviction became final ninety days later on March 11, 2020, the last day on which he could have filed a petition for writ of certiorari. *See* Sup. Ct. R. 13(1) (a petition for writ of certiorari is timely when it is filed with the clerk within ninety days after entry of the judgment); *Clay v. United States*, 537 U.S. 522, 532 (2003). To be timely, the present § 2255 motion must have been filed within one year from the date on which the judgment became final; therefore, Movant had until March 11, 2021, in which to file his motion. It was not filed until December 26, 2021 - nine months and fifteen days beyond the limitations period.

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling

is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The movant bears the burden of proving he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). To qualify for such equitable tolling, the movant must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

As a general rule, equitable tolling has historically been limited to situations where the movant "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [movant] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the [movant] the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324 (1996).

Movant asserts he is entitled to equitable tolling based on "the Covid-19 shutdown of society." While it is indisputable that the Covid-19 pandemic has caused disruptions, Movant fails to specify how it prevented him from timely filing his § 2255 motion. Indeed, courts in this district

have repeatedly found that delays caused by intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from filing a petition. *See, e.g., White v. Director, TDCJ-CID*, No. 6:19-v-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (finding diminished library access did not prevent petitioner from filing timely). A petitioner's failure to specify how the Covid-19 pandemic prevented him from timely seeking relief should be dismissed with prejudice as time-barred. *See, e.g., Tillson v. Director, TDCJ-CID*, No. 3:21-cv-789-X-BN, 2021 WL 2211351 (N.D. Tex. May 3, 2021).

In support of his claim, Movant provides only an inmate bulletin from FCI Pollock showing that the D-1 Housing Unit will serve as a quarantine/isolation unit (Dkt. #4-1). This bulletin is dated January 28, 2022, whereas Movant's § 2255 motion was due March 11, 2021. Movant provides nothing to show that Covid-19 prevented him from timely filing, and absent evidence in the record, a habeas petition is not entitled to relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

In sum, Movant failed to timely file his § 2255 motion, and he has not shown any valid basis upon which to equitably toll the statute of limitations. Movant filed his motion more than nine months beyond the limitations deadline; accordingly, the motion should be denied as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best

position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended  reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## RECOMMENDATION

It is recommended the § 2255 motion be denied and dismissed with prejudice.  It is further recommended a certificate of appealability be denied.  Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings

5

and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 18th day of February, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

6